UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Barbara Ellis,

    Plaintiff,

           Case No. 19-12833

v.

           Judith E. Levy
Commissioner of Social Security, United States District Judge

    Defendant.  Mag. Judge Anthony P. Patti

_____/

OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [19], OVERRULING
PLAINTIFF'S OBJECTIONS [20], GRANTING THE
GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT [18],
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT [15]

Before the Court is Magistrate Judge Anthony P. Patti ("MJ Patti")'s Report and Recommendation ("R&R") (ECF No. 19) recommending that the Court grant Defendant Commissioner of Social Security (the "Government")'s motion for summary judgment, (ECF No. 18), deny Plaintiff Barbara Ellis' motion for summary judgment, (ECF No. 15), and affirm the Administrative Law Judge's ("ALJ") decision. Plaintiff submitted two objections to the R&R, (ECF No. 20), and the

Government responded. (ECF No. 22.) For the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted in full.

## I. Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background from the R&R are incorporated as if fully set forth herein.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (internal citations omitted). Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing

*Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute merely the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Supreme Court recently addressed the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id.* (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

### III. Analysis

Plaintiff lodges two objections to MJ Patti's R&R:

 1) Magistrate Judge Patti improperly concluded that the ALJ committed harmless error in assessing Dr. Suzette Olaker's medical opinion; and

 2) Magistrate Judge Patti improperly concluded that the ALJ sufficiently discussed Plaintiff's medication side effects as required under SSR 16-3p.

(ECF No. 20.) For the reasons below, both objections are OVERRULED.

### A. Objection 1

Plaintiff's first objection involves MJ Patti's treatment of the ALJ's analysis of Dr. Suzette Olaker's consultative opinion. (ECF No. 20, PageID.864.) As MJ Patti correctly noted in the R&R, Dr. Olaker advised that Plaintiff was limited to "carrying, pushing, and pulling twenty pounds, and could only partially stoop and squat." (ECF No. 19, PageID.850, citing ECF No. 11-7, PageID.516.) The ALJ "assign[ed] this opinion little weight as the diagnoses were based mostly on the claimant's statements and [Dr. Olaker's] opinion is not consistent with the longitudinal evidence of record." (*Id.*)

Plaintiff's initial argument on summary judgment was that the ALJ provided an insufficient explanation for only affording partial weight to Dr. Olaker's opinion. (*See* ECF No. 20, PageID.864) However, MJ Patti found that he did not need to reach Plaintiff's argument that the ALJ

4

improperly discounted Dr. Olaker's opinion, because even if the ALJ *had* accepted the limitations as described by Dr. Olaker, Plaintiff would still have been capable of performing her past relevant work as generally performed at the sedentary level. (*Id.*) As such a finding would not have affected the ALJ's ultimate disability determination, any improper weighting of Dr. Olaker's opinion was therefore—according to MJ Patti—harmless error. (*Id.* at PageID.851-852.)

Plaintiff objects that "the error only becomes harmless if this Court does not accept any of the other arguments made by [Plaintiff] in connection with her claim."[1] (ECF No. 20, PageID.865.) Specifically, Plaintiff revives her argument that she could not perform past work at

---

[1] To the extent that Plaintiff's objection argues again that the ALJ afforded insufficient weight to Dr. Olaker's opinion, this objection is improper as it was squarely considered and rejected by MJ Patti. (ECF No. 20, PageID.864.) Accordingly, this objection is overruled. *Coleman-Bey*, 287 Fed. Appx. at 422 ("A district court does not abuse its discretion when it denies post-judgment relief to a party raising the same issues and arguments post-judgment as those [that have already been] rejected."); *Owusu v. Michigan Dept. of Corr. Pain Mgmt. Comm.*, No. 16-12490, 2019 WL 4627585, at *6 (E.D. Mich. Sep. 24, 2019) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.") (quoting *Pearson v. Comm'r of Soc. Sec.*, No. 15-14031, 2017 U.S. Dist. LEXIS 48379, at *7 (E.D. Mich. Mar. 31, 2017)).

the sedentary physical level because of her mental impairments due to medication side effects. (*Id.* at PageID.864-865.) Because Plaintiff frames her claim about medication side effects as a second objection, the Court will fully address it in the following section. However, because that objection is overruled, Plaintiff's first objection is also overruled.

### B. Objection 2

Plaintiff's second objection is that MJ Patti improperly concluded that the ALJ sufficiently considered Plaintiff's medication side effects. Specifically, Plaintiff argues that the ALJ improperly failed to reference a particular piece of Plaintiff's testimony about how the medication Toradol made her "loopy, caused confusion, and made it hard for her to concentrate." (ECF No. 20, PageID.866.) For the reasons below, this objection is overruled.

When evaluating claims of limitation, the ALJ must consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p at *4. However, medication side

effects are only one of a long list of factors to be considered in making this determination. This list includes: 1) a claimant's daily activities; 2) the location, duration, frequency, and intensity of a claimant's pain or other symptoms; 3) precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of medication taken to alleviate pain or other symptoms; 5) treatment, other than medication, for relief of the pain or other symptoms; 6) any measures used to relieve pain or other symptoms; and 7) any other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929. This Court has repeatedly held that the ALJ is not required to explicitly address every one of these factors in order to have sufficiently "considered" the record. *See, e.g., Stec v. Comm'r of Soc. Sec.*, 432 F. Supp. 3d 719, 727 (E.D. Mich. 2020); *French v. Comm'r of Soc. Sec.*, No. 15-12687, 2016 WL 3951419, at *13 (E.D. Mich. June 30, 2016) (Morris, M.J.), *report and recommendation adopted*, No. 15-12687, 2016 WL 3924111 (E.D. Mich. July 21, 2016) (Cox, J.)); *Prince v. Comm'r of Soc. Sec.*, No. 13-12055, 2014 WL 4639506, at *23 (E.D. Mich. Sep. 16, 2014); *Ausbrooks v. Astrue*, No. 12-12144, 2013 WL 3367438, at *19 (E.D. Mich. July 5, 2013).

MJ Patti found the ALJ's consideration of the medication side effects to be sufficient for two reasons: First, because the ALJ was not required by law to explicitly reference in his opinion Plaintiff's specific testimony about Toradol; and second, because the ALJ "considered all symptoms and the extent to which these symptoms can be reasonably be accepted as consistent with the objective medical evidence and other evidence . . . and [the ALJ provided an] extensive explanation for concluding that Plaintiff's statements concerning the severity of her symptoms are not entirely consistent with the other evidence in the record." (ECF No. 19, PageID.854-855.)

Plaintiff's objection addresses only the first of these two conclusions—that the ALJ was not required to explicitly recite all testimony in the opinion in order to have properly evaluated the record— and objects only on the basis that the two cases cited by MJ Patti for this proposition—*Stec* and *French*—are allegedly factually distinct from the issues in this case. (*See* ECF No. 20, PageID.866-868 ("[The] R&R does not indicate that [MJ Patti] considered whether any factual distinctions [] would impact his analysis here . . . . Therefore, it cannot be said—even

8

by implication—that the ALJ complied with the requirement to consider any potential medication side effects.").)

However, any factual distinctions in the caselaw are unhelpful to Plaintiff, because the proposition cited by MJ Patti is not a niche ruling tied to a particular set of circumstances—it is instead a clearly established principle of law that is firmly established in this district. *See Prince*, 2014 WL 4639506, at *23 (collecting cases). And regardless, as MJ Patti noted, "the ALJ referenced Toradol several times in the RFC portion of his hearing decision" to conclude that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (ECF No. 19, PageID.855, quoting the ALJ at ECF No. 11-2, PageID.52.) Specifically, MJ Patti *quoted* the ALJ's credibility determination regarding Plaintiff's alleged mental limitations of confusion and forgetfulness:

> The claimant's testimony and reports of daily living activities do no[t] clearly support a finding that her functioning is reduced below the functioning level indicated in the residual functional capacity set forth above. While the claimant

9

> testified that she stopped working due to forgetfulness and the inability to correctly perform her job, she also reported that she stopped working to take care of her mother. As for her concentration and forgetfulness concerns, she stated that she had not sought any mental health treatment and a doctor in January 2018 observed no problems with word-finding or following complex requests.

(*Id.* at PageID.855-56, quoting the ALJ at ECF No. 11-2, PageID.52-53.) Plaintiff does not mention MJ Patti's consideration of this evidence in her objection.

Plaintiff brings no other arguments to disturb MJ Patti's two-fold reasoning on this issue about the propriety of the ALJ's decision. Because the Court agrees that MJ Patti properly affirmed the ALJ's due consideration of Plaintiff's full record, including affording appropriate weight to her medication side effects and mental limitations, this objection is overruled.

### IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 20) are overruled. Accordingly, the Report and Recommendation (ECF No. 19) is **ADOPTED**, the Government's motion for summary judgment (ECF No. 18) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 15) is **DENIED**.

IT IS SO ORDERED.

Dated: March 4, 2021           s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 4, 2021.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager